ANNA PRUSIK & others *vs.* BOARD OF APPEAL OF THE BUILD-
ING DEPARTMENT OF THE CITY OF BOSTON.

Suffolk.    November 30, 1927.— February 29, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Certiorari.    Zoning.    Boston.    Board of Appeal of the Building Depart-
ment of Boston.*

Upon a report, after a hearing, by a single justice of the Supreme Judicial
Court for determination by the full court of a petition for a writ of
certiorari to review proceedings of the board of appeal of the building
department of the city of Boston purporting to have been had under
St. 1924, c. 488, § 19, allegations of fact in the petition which were
not supported by facts set out in a return by the respondents and were
not passed upon by the single justice must be disregarded.

At the hearing of such a petition by the single justice, it is not open to the
petitioners to show by evidence outside the record that conditions war-
ranting the exercise of the power conferred by the statute upon the
respondents did not exist; but they may introduce and rely on evidence
showing that the respondents had no jurisdiction to act.

A document entitled an "appeal," addressed "To the Building Commis-
sioner of the City of Boston" and filed in the building department of
Boston, is not a written petition addressed to the board of appeal of that
department and does not satisfy the requirements of St. 1924, c. 488,
§ 19.

A notice by advertisement ordered by the board of appeal of the building
department of the city of Boston under St. 1924, c. 488, § 19, which
described the substance of a proceeding before them as an "appeal"
"concerning premises, 44–46 Dana Ave., Wd. 18 asking variance of a
provision of the Zoning Law of Boston, namely, Sec. 4 — battery serv-
ice for charging batteries not allowed in R-40 district," left it a matter
of doubt whether there was compliance with the requirement of said
§ 19 as to the form of notice.

Where the return of the respondents to the petition for a writ of certiorari
above described showed merely that certain persons appeared to object
at the proceedings before the respondents, and annexed a list of "Regis-
tered Return Receipts" without any indication when they were dated
or when the registered mail was delivered, there was nothing to show
compliance with an order by the board that notice be given "to all
abutting owners as they appear in the local tax list" not later than
March 31.

The decision of the respondent board in the proceedings described in its
return was prefaced by reference to the fact that, "In her formal appeal,
the appellant states briefly in writing the grounds of and reasons for
his [her] appeal from the refusal of the Commissioner, above referred

to, as set forth in papers on file numbered (z-316) and made a part of this record." There was no finding that these grounds and reasons were adopted by the respondent board, or that the facts therein stated were true. *Held*, that such grounds and reasons need not be considered. The decision of the respondent board in the proceedings before it above described was, in substance, that the petitioner before them had a two-car garage in a part of the ground floor of a single family dwelling and stated to them that when she bought the land she "understood" it was in a business and not in a residential district; and that the board "having heard testimony both for and against the establishment of the proposed business, as well as having viewed the premises, is of the opinion that this is a special case involving unnecessary hardship in which desirable relief could be granted without substantially derogating from the intent and purpose of the act. Therefore acting under its discretionary power, the board annuls the refusal of the building commissioner and orders him to grant a permit in accordance with this decision." There was no finding that the landowner honestly believed at the time of purchase that her land was in a business instead of a residence zone, or that there was any substantial reason why she, in common with all others, should not be charged with knowledge of what the public records and maps on file showed with respect to the zone in which the land lay. *Held*, that

(1) The decision by the board did not come within the scope of St. 1924, c. 488, § 19;

(2) Exceptional circumstances alone justify relaxation in peculiar cases of the restrictions imposed by the statute;

(3) The financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power placed in the board of appeal under St. 1924, c. 488, § 19, and affecting other property owners as well as the public.

The requirement of § 19 of St. 1924, c. 488, that the board of appeal of the building department of the city of Boston, shall make "a detailed record of all its proceedings, which record shall set forth the reasons for its decisions," is not satisfied by a mere repetition of the statutory words; while minute recitals may not be necessary, there must be definite statement of rational causes and motives, founded upon adequate findings, and substantial facts which rightly can move an impartial mind, acting judicially, to the definite conclusion reached.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on April 21, 1927, for a writ of certiorari respecting proceedings of the respondents described in the opinion.

The return of the respondents set out, as the document which was the basis of the proceedings before them, a "Form A" bearing the direction, "This Form to be filled out in duplicate with the Building Department," filled out and signed in behalf of Sarah Waterman, filed in the building

department, entitled an "Appeal" and addressed "To the Building Commissioner of the City of Boston." Other statements in the return by the respondents are stated in the opinion.

The petition was heard by *Braley,* J., who ordered it dismissed and reported it to the full court for determination.

The case was submitted on briefs.

*E. Z. Dymsza,* for the petitioners.

*F. S. Deland,* Corporation Counsel, & *L. Schwartz,* Assistant Corporation Counsel, for the respondent.

RUGG, C.J.   This is a petition for a writ of certiorari to review the action of the respondent board in varying the application of the zoning law of the city of Boston. The function of the writ of certiorari is "to enable a party without remedy by appeal, exception or other mode of correcting errors of law committed against his rights, to bring the true record of an inferior tribunal, whose proceedings are judicial or *quasi* judicial in nature, properly extended, so as to show the principles of the decision, before a superior court for examination as to material mistakes of law apparent on such record. Only errors of law can be reviewed. Findings of fact are not commonly open to revision." *Mayor of Medford* v. *Judge of the District Court,* 249 Mass. 465, 468.

Numerous allegations of fact in the petition, not supported by the facts set forth in the return of the respondent board, and not passed upon by the single justice, must be disregarded. *Ward* v. *Board of Aldermen of Newton,* 181 Mass. 432. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 546. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 377. Moreover, it was not open to the petitioners to show by evidence outside the record, at the hearing before the single justice upon the petition for the writ of certiorari, that conditions warranting the exercise of the power conferred by the statute upon the respondents did not exist unless their jurisdiction thereby would be affected. *Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass. 160, 171. *Marcus* v. *Street Commissioners,* 252 Mass. 331, 333, 334. The case at bar must be considered on the return of the respondents.

The return shows that one Sarah Waterman, apparently the owner of land with building thereon in that part of Boston known as Hyde Park, made application to the building commissioner of Boston "to amend plans for change of occupancy of building #44–46 Dana Ave. Hyde Park," which was refused because it would be in violation of the zoning law, St. 1924, c. 488. Although it is not stated categorically or with much plainness in the return, it is inferable that this lot was located in a general residence district as established by St. 1924, c. 488, § 2. Therefore, unless some variation of the application of the zoning law was secured, the building on the land in question could not be used for "battery service for charging batteries." St. 1924, c. 488, § 4. That was the kind of use sought to be authorized as described in refusal made by the building commissioner of her application for change of use. Upon refusal of the application by the building commissioner, appeal from that decision was made to the respondent board setting forth what are termed therein "grounds of and reasons for the appeal." Upon the filing of that appeal the respondent board ordered that "notice be given by the petitioner to ALL ABUTTING OWNERS as they appear in the local tax list, and also be advertised in a newspaper published in the City of Boston, and by mailing by prepaid registered mail a copy to every owner of record of each parcel of land abutting on your parcel of land on which your building stands. Notice must be sent no later than Mar. 31. Date of hearing will be Wed., April 6, at 3:00 P.M. Before that time a copy of the newspaper publication, together with the return receipt cards from the abutting owners must be sent to the office of the Board of Appeal." The respondent board sent her, also, "copy of the advertisement as it must appear in the newspaper."

It is provided by St. 1924, c. 488, § 19, that the respondent board "may vary the application" of the zoning law in specific cases, but "No such variance shall be authorized except by the unanimous decision of the entire membership of the board, rendered upon a written petition addressed to the board and after public hearing thereon, of which notice shall be mailed to the petitioner and to the owners of all

property deemed by the board to be affected thereby as they appear in the most recent local tax list and also advertised in a daily newspaper published in the city of Boston."

The return fails to show any "written petition addressed to the board." The appeal as therein set forth is addressed "To the Building Commissioner of the City of Boston." Possibly it was thought that the procedure provided by St. 1907, c. 550, § 7 (being the building law of the city of Boston), was applicable to the present case. However that may be, there does not appear to have been compliance with St. 1924, c. 488, § 19, as to the form of written petition.

The return raises some doubt whether there was compliance with the requirement of said § 19 as to the form of notice. The "Copy of the Advertisement as It Must Appear in a Daily Newspaper Published in Boston" according to the order of the respondent board, describes the substance of the "appeal" as "concerning premises, 44–46 Dana Ave., Wd. 18 asking variance of a provision of the Zoning Law of Boston, namely, Sec. 4 — battery service for charging batteries not allowed in R-40 district." The power conferred upon the respondent board was to "vary the application" of the zoning law, and not to "vary a provision" of it. The importance of strict compliance with the terms of the statute in giving the notice arises from the circumstance that by the following section, 20, of the same c. 488, power is conferred upon the board of zoning adjustment to "change the boundaries of districts" established by the zoning law. To the ordinary landowner or member of the public to whom such notice is addressed, it well might be a matter of doubt whether the notice here issued related to a petition to "vary the application" of the zoning law, or to "change the boundaries of districts."

There is nothing in the return to show compliance with the order of the respondent board as to service of the notice. There is no statement whatever in the return as to the service of the notice. The return is bare of proof that notices were mailed to or served upon anybody as required by the order. Certain persons appeared as objecting "to any change in the zoning law," and described themselves as "own-

ers of the property designated opposite our names," all being parcels of land numbered on Dana Avenue. Whether these include "every owner of record of each parcel of land abutting" on the parcel in question, or "all abutting owners as they appear in the local tax list," is not disclosed. There is a list of "Registered Return Receipts" containing twelve names, but there is no indication when they were dated or when the registered mail was delivered. There is nothing in the return to show whether any publication of the notice was made in any newspaper.

The decision of the respondent board is prefaced by reference to the fact that, "In her formal appeal, the appellant states briefly in writing the grounds of and reasons for his [her] appeal from the refusal of the Commissioner, above referred to, as set forth in papers on file numbered (z-316) and made a part of this record." There is no finding that these grounds and reasons are adopted by the respondent board, or that the facts therein stated are true. Therefore they need not be considered.

The essential parts of the decision of the respondent board are recited in the return in these words: "It appeared at the hearing that the structure in question is a single family house with four rooms and a bath. A two-car garage occupies a portion of the ground floor. The appellant desires to use the garage for battery service charging purposes and states that when he [she] purchased the land he [she] understood that it was in a business zone and could be so used. It turns out it is six feet away from a business zone and can not legally be so used unless the land in question is under the same ownership as that portion of it which is in the business zone. The board, having heard the appellant and having heard testimony both for and against the establishment of the proposed business, as well as having viewed the premises, is of the opinion that this is a special case involving unnecessary hardship in which desirable relief could be granted without substantially derogating from the intent and purpose of the act. Therefore acting under its discretionary power, the board annuls the refusal of the building commissioner and orders him to grant a permit in accordance with this

decision." This is a somewhat amplified equivalent of saying that, because the landowner has a two-car garage in a part of the ground floor of a single family dwelling and merely "states" that when she bought the land she "understood" it was in a business and not in a residential district, a case involving "unnecessary hardship" is made out. It may be observed in passing that there is no finding by the respondent board that the landowner honestly believed at the time of purchase that her land was in a business instead of a residence zone, or that there was any substantial reason why she, in common with all others, should not be charged with knowledge of what the public records and maps on file showed with respect to the zone in which the land lay. There is, however, a more fundamental difficulty. This decision does not come within the scope of the enabling statute. It is manifest from the general purpose underlying any zoning act, as well as from the provisions of said § 19, that the power to vary the application of the act is to be exercised sparingly. Exceptional circumstances alone justify relaxation in peculiar cases of the restrictions imposed by the statute. The dominant design of any zoning act is to promote the general welfare. The protection of health and the promotion of safety are salient factors. The stability of the neighborhood and the protection of property of others in the vicinity are important considerations. The financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power affecting other property owners as well as the public. The only reason set out in the decision relates to the alleged disappointment of the particular landowner in finding out that her land is not available for business uses, but is just inside a residential zone. This is quite insufficient to constitute "unnecessary hardship" or to involve "practical difficulty." The respondent board was required by said § 19 to make "a detailed record of all its proceedings, which record shall set forth the reasons for its decisions." These words mean that there must be set forth in the record substantial facts which rightly can move an impartial mind, acting judicially, to the definite conclusion reached. They are not satisfied by a mere repeti-

tion of the statutory words. Minute recitals may not be necessary, but there must be definite statement of rational causes and motives, founded upon adequate findings. *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 173, 174. The governing statute has been before the court in *Norcross* v. *Board of Appeal*, 255 Mass. 177, where its meaning and purpose were discussed at some length, and in *Hammond* v. *Board of Appeal*, 257 Mass. 446. In each of those cases, orders varying the application of a zoning act were not set aside, although that conclusion was reached with hesitation. The case at bar falls short of what appeared even in those cases. In *Bradley* v. *Zoning Adjustment Board of Boston, supra,* a decision of the board changing the boundaries of a district was set aside. There would be little left of a zoning law in respect to the rights of neighbors or of the public, if a decision like that made by the respondent board in the case at bar should be permitted to stand. We are of opinion that the Legislature could not have intended that the protection afforded by said c. 488 should be so illusory.

*Writ to issue.*