THE ROMAN CATHOLIC ARCHBISHOP OF BOSTON *vs.* BOARD OF APPEAL OF THE BUILDING DEPARTMENT OF THE CITY OF BOSTON & another.

NINA LAX & others *vs.* SAME.

Suffolk.   February 7, 1929. — September 10, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Zoning*, Board of appeal, Variation. *Notice. Time. Boston. Certiorari. Waiver.*

A publication on June 27, by one seeking under St. 1924, c. 488, § 19, a variation of the zoning law of the city of Boston, of notice of a public hearing set for July 2 by the board of appeal of the building department of the city of Boston was not a compliance with an order made by the board on June 26, 1928, that such notice "be advertised . . . in a daily newspaper published in the City of Boston not less than 6 days previous to date set for public hearing": in calculating the required six days, the day of hearing must be excluded.

After the board, in the circumstances above described, had specified the way in which notice must be given, it could acquire jurisdiction to deal with the merits of the application for variation only after there had been compliance with that specified way.

The board, having issued the order above described, had no power to waive compliance with its terms.

In certain proceedings brought to quash an order by the board of appeal of the building department of the city of Boston, the return of the board stated the facts as to notice as above set out, and also stated that the "hearing was duly advertised in a daily newspaper." *Held*, that such statement was a mere conclusion of law and had no force to overcome the facts stated in the return.

The error of the board in taking jurisdiction of the application in the circumstances above described was not a trifling matter, variation of the application of the zoning act being of deep concern to the public welfare as well as to private interests: the board's order must be quashed.

Two PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk on September 13, 1928, and September 15, 1928, for a writ of certiorari to quash an order by the board of appeal of the building department of the city of Boston purporting to vary the application of the zoning act of the city of Boston.

The cases were consolidated, and were heard by *Sanderson*, J. Material facts are stated in the opinion. The single justice ordered the petitions dismissed and reported them for determination by the full court.

The cases were submitted on briefs.

*F. W. Mansfield & E. R. Mansfield*, for the petitioners.

*L. Schwartz*, Assistant Corporation Counsel, for the respondents.

RUGG, C.J. These are petitions for writs of certiorari. Their object is to review the proceedings of the respondent board in voting to vary the application of St. 1924, c. 488, as amended, being the zoning law of the city of Boston, in accordance with the petition of one Daley. His application for a permit to erect stores on land within a general residence district having been denied by the building commissioner on the ground that it would be in violation of St. 1924, c. 488, § 4, Daley appealed to the respondent board as provided in § 19 of said chapter. He petitioned the respondent board to vary the application of the zoning law so as to enable him to erect stores on the described land. The respondent board made an order that "Notice of the hearing" on the appeal "shall be advertised . . . in a daily newspaper published in the City of Boston not less than 6 days previous to date set for public hearing. Date of public hearing on your appeal will be Mon., July 2, at 10.30 A.M." This order was dated June 26, 1928.

It appears from the return of the respondent board that the notice was advertised on June 27, 1928, in a Boston newspaper. That was not a compliance with the order. In calculating the required six days, the day of the hearing must be excluded because the advertisement must be six days before that date. It was held in *Bemis* v. *Leonard*, 118 Mass. 502, 506, that "in computing time from the date, or from the day of the date, or from a certain act or event, the day of the date is to be excluded, unless a different intention is manifested by the instrument or statute under which the question arises." *Laine* v. *Aarnio*, 265 Mass. 374, and cases there cited.

Commonly in computing time limited to less than a week

Sunday is excluded. Sunday is included in computation only where the time limited is of such length as necessarily to include one or more Sundays. *Stevenson* v. *Donnelly*, 221 Mass. 161, 163. That is the general rule. It is not necessary to determine whether that rule would be applicable to an order such as here is involved because in any event the order was not complied with.

The day on which the order in question was issued was Tuesday. The time limited was less than a week. The advertisement was not printed until Wednesday, June 27. That was only five days previous to the hearing even if Sunday be counted. There was, therefore, no compliance with the order as to notice.

After the respondent board had specified the way in which notice must be given, it could acquire jurisdiction to deal with the merits of the appeal only after there had been compliance with that specified way. *Wright* v. *Lyons*, 224 Mass. 167. There is no definition in said § 19 of the time previous to the hearing for the advertisement of the notice in the daily newspaper. Such advertisement is mandatory. Its purpose is manifest and highly important. Variation in the application of the zoning act is of deep concern to the public welfare as well as to private interests. The advertisement of the notice is designed to promote the general welfare. Since there was no such service of the notice as was specified, the respondent board was powerless to proceed with a valid hearing.

It is provided by said § 19, as amended, that the respondent board "may adopt rules, not inconsistent with the provisions of this act, governing notice and procedure." Nothing appears in this record concerning such rules. It must be presumed in favor of regularity of proceedings of public boards that there was compliance with such rules, if any exist. *Patterson* v. *Pendexter*, 259 Mass. 490, 494. Having issued the order, the respondent board had no power to waive compliance with its terms. The statement in the records of the respondent board that the "hearing was duly advertised in a daily newspaper" is a mere conclusion of law. That statement has no force to overcome the irrefutable

dates set forth in the records of the respondent board, which show beyond peradventure that the advertisement was not in accordance with the order, and hence not of any value as an advertisement.

It follows that there is vital error of law disclosed on the records of the respondent board and that they must be quashed. *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 174. *Prusik* v. *Board of Appeal*, 262 Mass. 451, 458. The error is not as to a trifling matter as in *Sears* v. *Mayor & Aldermen of Worcester*, 180 Mass. 288, because it relates to a matter touching the interests of the general public.

It is unnecessary to consider the other questions argued. In each case the order may be

*Writ of certiorari to issue.*