HELEN M. LAMBERT & others *vs.* BOARD OF APPEALS OF LOWELL & another.

Middlesex.    January 13, 14, 1936. — September 8, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Zoning. Equity Jurisdiction*, Appeal from decision of board of appeals. *Equity Pleading and Practice*, Decree. *Lowell.*

By § 30, inserted in G. L. (Ter. Ed.) c. 40 by St. 1933, c. 269, § 1, and by § 17 (5) of the zoning ordinance of the city of Lowell, the board of appeals had power to direct the building inspector to issue a special permit for a funeral home in a residential district.

A board of appeals under a zoning ordinance is an administrative or quasi judicial tribunal, and not a court.

Statement of the proper form of decree to be entered by the Superior Court on an appeal in equity under § 30, inserted in G. L. (Ter. Ed.) c. 40 by St. 1933, c. 269, § 1, from a decision of a board of appeals under a zoning ordinance.

BILL IN EQUITY, filed in the Superior Court on July 29, 1935.

The suit was heard by *Morton*, J., on an agreed statement of facts and on oral testimony, and a final decree was entered from which the plaintiffs appealed.

*M. G. Rogers*, for the plaintiffs.

*J. D. O'Hearn*, for the defendant Savage.

*W. J. White, Jr.*, for the defendant board of appeals.

RUGG, C.J.    This is a suit in equity by way of appeal to the Superior Court from a decision rendered by the defendant board under the zoning ordinances of Lowell. The defendants are the members of the board of appeals of Lowell and one Savage, the owner of the real estate involved. The suit is brought pursuant to § 30 inserted in G. L. (Ter. Ed.) c. 40 by St. 1933, c. 269, § 1. Said § 1 amends said c. 40 by striking out §§ 25–30A, inclusive, and inserting new sections in place thereof. Said § 30 provides for an appeal to the board of appeals by any person aggrieved by reason of inability to obtain a permit from

any administrative official; it prescribes the powers of the board of appeals; a further provision is in these words: "Any person aggrieved by a decision of the board of appeals . . . may appeal to the superior court sitting in equity for the county in which the land concerned is situated . . . . It shall hear all pertinent evidence and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require. The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases."

The defendant Savage applied to the building inspector of Lowell for a permit to use designated premises for a funeral home. That permit was denied on the ground that the property was located in a general residence district and was limited to residential use subject to certain concessions which may be granted by the board of appeals only. It has not been argued that there was error in this denial. Savage appealed to the board of appeals pursuant to said § 30. After due notice and hearing the board of appeals passed this vote: "That the Board of Appeal shall approve of this petition for the reason that this use does not constitute a substantial derogation from the intent and purpose of the Zoning Ordinance; that under Section 17, Paragraph 5 as amended, the Board is granted discretionary powers in regard to granting permission for funeral homes and services incident thereto, therefore the Inspector of Buildings shall be instructed to issue the necessary permit." Said § 17 (5), of the zoning ordinance, as amended, provided that upon appeal from the refusal to grant such a permit as is here involved, the board of appeals subject to the provisions of St. 1924, c. 133, may require the inspector of buildings to "Grant permit in residence district for . . . funeral homes; including services incident thereto . . . ." St. 1924, c. 133, was embodied in G. L. (Ter. Ed.) c. 40 as § 27A and was repealed by St. 1933, c. 269, § 1. It was provided by § 4 of St. 1933, c. 269, that "Except in Boston, the provisions of said section thirty, as appearing in section one of

this act, shall apply in the consideration of all appeals and other matters referred to any board of zoning appeals after the effective date of this act, and in the case of all court appeals from decisions in zoning matters which are recorded after said date. All ordinances and by-laws adopted under authority granted in whole or in part by sections twenty-five to thirty A, inclusive, of chapter forty of the General Laws, or corresponding provisions of earlier laws, which are in force immediately prior to said date, shall, except in so far as they are inconsistent with the requirements of this act, continue in effect until changed as provided herein." The plaintiffs, who are owners of real estate in the same zoning district as that of Savage here involved, thereupon brought this suit in equity under the provisions of said § 30, already quoted, praying that the decision be annulled because in excess of the authority of the board of appeals, that if it be found to be within the authority of the board such decree be made on the facts found by the court as justice and equity should require, and that the decision of the board of appeals be annulled on such findings of facts. The case was heard in the Superior Court upon the bill and answer, upon a statement of agreed facts and upon oral testimony reported in full.

The statement of agreed facts sets out the history of the proceeding as already narrated, with a statement that the building described in the application of Savage was used for residence purposes at the time the zoning ordinance was adopted and had never been used as a funeral home. It has remained in a general residence district since the adoption of the ordinance. The hearing before the board of appeals consisted mostly in the making of statements and arguments by counsel representing the parties. The testimony presented in the Superior Court came from two of the plaintiffs. That testimony described the house in question, the shape of the lot, and its location with reference to the property of the plaintiffs. No testimony was introduced in behalf of the defendants. There was no evidence describing other real estate in the neighborhood except that the plaintiffs lived in a house opposite that of the defendant Savage.

The amendment to the ordinances including funeral homes in said § 17 (5) was adopted after said c. 269 was enacted. We think that that ordinance authorized requests for "special permits," within the meaning of those words in cl. 2, of the paragraph relating to "powers" in said § 30. The request of Savage was a request not that the boundaries of the zoning districts be varied but that a special permit be granted for a particular use of a building in a residence district as authorized by the ordinance. The board of appeals therefore had jurisdiction to deal with the appeal of Savage from the denial of his application for a permit by the inspector of buildings.

The trial judge on the evidence before him already summarized found "the facts to be as stated in the agreement of facts and also that the zoning ordinances of the city of Lowell, in effect June 3, 1935, provided, that a permit for a funeral home could be issued although it was in a residence district," and affirmed the decision of the board of appeals. He also found that the building of Savage had been used for residential purposes up to July 18, 1935. A final decree was entered affirming the decision of the board of appeals granting the permit, and dismissing the bill without costs.

The enactment of said St. 1933, c. 269, wrought a substantial change in the procedure under zoning laws with respect to decisions made by the board of appeals in cities and towns other than Boston. Before the enactment of that statute the only remedy for a party aggrieved by a decision of the board of appeals was by writ of certiorari. In that proceeding only errors of law apparent on the record could be remedied. *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 163. *Norcross* v. *Board of Appeal of Boston*, 255 Mass. 177. *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451. *Coleman* v. *Board of Appeal of Boston*, 281 Mass. 112. *Phillips* v. *Board of Appeals of Springfield*, 286 Mass. 469. The procedure now is that except in Boston there may be an appeal from the decision of the board of appeals to the Superior Court. The trial judge in the performance of his duty as prescribed by the part of said § 30 already quoted heard the evidence offered by the parties

and found the facts.  On those facts he found and ruled in substance and effect (1) that the decision of the board of appeals did not exceed its authority, and (2) that no modification of that decision was required.  As already pointed out there was no error in the ruling of law.  The evidence is very meager as to the circumstances justifying the issuing of the permit to Savage, but the record cannot quite be said to be bare of any evidence justifying the conclusion reached by the trial judge.

The form of the final decree entered was that "the decision of the board of appeals in granting a permit to John J. Savage at 282 Pawtucket Street in Lowell, be affirmed" and that the bill be dismissed.  The board of appeals is an administrative or *quasi* judicial tribunal and not a court.  There is no occasion in the circumstances here disclosed to affirm the decision of such a tribunal.  See *Johnson's Case,* 242 Mass. 489, 493, 494.  The final decree should be amended by striking out the affirmation of the action of the board of appeals and the order dismissing the bill and by inserting words, so that in substance and effect the decree will read as follows: "This cause came on to be heard and was argued by counsel and thereupon on consideration it is ordered, adjudged and decreed that the decision granting the defendant John J. Savage a permit in response to his petition was within the jurisdiction of the board of appeals of the city of Lowell, and that no modification of it is required, and that the clerk of the court within thirty days after the entry of this decree send an attested copy thereof to the board of appeals and to the inspector of buildings of the city of Lowell."  Rule 82 of the Superior Court (1932).

*Ordered accordingly.*