ROBERT V. OLSON & another *vs.* ZONING BOARD OF APPEAL OF ATTLEBORO.

Bristol. October 25, 1948. — March 8, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Zoning. Attleboro. Building. Real Property,* Building. *Equity Pleading and Practice,* Decree, Zoning appeal.

A garage, physically attached to a dwelling house and having under its roof and within its walls, adjacent to the house, a paved "breezeway" with open archways at the front and back and doors at the sides opening into the house and the garage proper, was not a separate "accessory building," but was a component part of the house and formed therewith one building, within a provision of the zoning ordinance of Attleboro requiring certain side yards in connection with "every building or structure·(other than an accessory building . . .)" in a residential district.

In a suit in equity brought under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, by way of appeal from a decision by a zoning board of appeals, where the decision of the board was within its jurisdiction and was correct on the merits, the decree of the Superior Court, besides providing that the decision was within the jurisdiction of the board and should not be annulled and that the clerk send certain attested copies of the decree, should have provided that "no modification of" the decision "is required."

BILL IN EQUITY, filed in the Superior Court on February 18, 1947.

The suit was heard by *Goldberg*, J.

*J. W. McIntyre*, for the plaintiff.

No argument nor brief for the defendant.

WILLIAMS, J.   This a bill in equity by way of appeal from the decision of the zoning board of appeal of the city of Attleboro brought under the provisions of § 30, inserted in G. L. (Ter. Ed.) c. 40, by St. 1933, c. 269, § 1, as amended by St. 1935, c. 388, and St. 1941, c. 198, §§ 1, 2, to annul the decision of said board of appeal and to direct the inspector of buildings to issue to the plaintiffs a permit for an addition to their garage at 33 Ashton Road in said city. The plaintiffs have appealed from a decree entered by a judge of the Superior Court.

From the evidence, which is reported and essentially is not in dispute, it appears that the plaintiffs are the owners of a lot of land with a single family dwelling and garage thereon located in a "single residence district" as defined by § 2 of the zoning ordinance of the city of Attleboro which became effective on February 10, 1942. The house, containing seven rooms, is of wooden construction, Dutch colonial type, is thirty-five feet wide on its front or street side, and has a depth from front to back of twenty-five feet. As one faces it from the street there is a covered porch or piazza on the end of the house to the left and a one-car garage not over one and one half stories in height on the end to the right. The house, both on the front and on the rear, as well as the garage on the front, has a double pitched or gambrel roof. The roofs are of similar design, except that, in the rear, the garage roof has a single pitch. The garage is physically joined or "fastened" to the house. The garage is somewhat lower than the house, which is built upon a terrace, and the garage roof adjoins the house slightly below the level of the latter's second story windows. Between the house and the garage, but under and within the roof and walls of the latter, is an area six feet in width and three feet in depth paved with flagstones. At the left a door leads from this area down a few steps into the basement of the house and at the right a door opens into

the garage. The area has two open archways, front and back, each three feet in width. Entering the front archway one passes through this archway, over the paved area, out through the rear archway and along a pathway to the kitchen door at the back of the house. This area, so described, was termed a "breezeway" in the testimony. The plaintiffs' garage as presently located is four feet from the right side line of their lot. They desire to extend the right side of the garage three feet farther to the right, which would bring the side wall of the garage as so extended to a distance one foot from the side line of the lot. A petition filed by the plaintiffs with the inspector of buildings for a permit to make such extension was denied by the inspector as a matter of law, and on appeal the zoning board of appeal sustained the decision of the inspector. Section 14 of the zoning ordinance provides, "There shall be provided on each side of every building or structure (other than an accessory building not over one and one-half ($1\frac{1}{2}$) stories in height and not used for habitation) hereafter erected or placed upon any lot in a resident district, a side yard not less than fifteen (15) feet in width." Section 9, paragraph B, of the same ordinance provides that the inspector of buildings, on whom is imposed the duty of executing the provisions of the ordinance, "shall not issue any permit . . . for the construction, . . . alteration, enlargement, [or] extension . . . of any building or structure which would be in violation of any of the provisions of this ordinance." If the garage is not an "accessory building" but is a component part of the ·house, under said § 14 such extension of the garage would be a violation of the ordinance. It is the contention° of the plaintiffs that the house, breezeway and garage do not constitute one building but that the garage is a separate building accessory to the house. The judge found and ruled that the plaintiffs were not entitled to a permit as a matter of right, and entered a decree "that the decision of the zoning board of appeal of the city of Attleboro . . . was within the jurisdiction of the said zoning board of appeal; that the said

decision should not be, and it is not, annulled; and that the clerk of the court within thirty days of the entry of this decree send an attested copy thereof to the zoning board of appeal of the city of Attleboro and to the inspector of buildings of the city of Attleboro." In our opinion the garage, so called breezeway and house constitute one building. We are aided in reaching this conclusion by a photograph which is in evidence. Certainly they were designed to produce a unified architectural effect. A slight analogy exists in the case of bay windows, dormer windows and piazzas which, although not within the walls nor under the roof of the house, usually are considered extensions of and constituent parts of the house itself. See *Sanborn* v. *Rice*, 129 Mass. 387; *Bagnall* v. *Davies*, 140 Mass. 76; *Payson* v. *Burnham*, 141 Mass. 547; *Loud* v. *Pendergast*, 206 Mass. 122. The decision in *H. W. Robinson Carpet Co.* v. *Fletcher*, 315 Mass. 350, 353, where it was held that buildings on opposite sides of a driveway connected by an overhead passageway were separate buildings, depended on the construction of a lease and is not a precedent in the present case. The ruling of the judge was right.

In the decision of the board of appeal after findings of fact it was stated, "application [for the permit] is hereby denied and dismissed." The judge in the decree entered by his order adjudged that such denial and dismissal were within the jurisdiction of the board of appeal and, therefore, its decision should not be annulled. The refusal to annul, being based on jurisdictional grounds (see *Clap* v. *Municipal Council of Attleboro*, 310 Mass. 605), only amounted to a finding, in the language of the statute, that the decision of the board of appeal did not "exceed the authority of such board." To dispose of the merits of the issues raised by the plaintiffs' bill the words "and that no modification of it is required" should be added after the word "annulled." See *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224, 228. As so modified the decree is affirmed with costs.

*So ordered.*