RALPH D'AMBRA & another *vs.* ZONING BOARD OF APPEAL
OF ATTLEBORO.

Bristol.   October 25, 1948. — March 8, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Zoning.  Attleboro.  Building.  Real Property*, Building.  *Words*, "Con-
structed or placed," "Alteration."

A mere alteration of an existing building from a rooming house into an
apartment house, not involving any enlargement or exterior change,
was not within a provision of the zoning ordinance of Attleboro re-
quiring that certain space be provided in connection with an apart-
ment house "hereafter constructed or placed on" a lot.

BILL IN EQUITY, filed in the Superior Court on December
18, 1946.

The case was heard by *Hurley*, J.   The defendant ap-
pealed from a final decree entered by his order.

In this court the case was submitted on briefs.

*D. A. J. Doyle*, City Solicitor, & *E. A. Hathaway*, for the
defendant.

*J. W. McIntyre* & *E. F. Henry*, for the plaintiffs.

WILLIAMS, J.   This is a bill in equity brought under the
provisions of § 30, inserted in G. L. (Ter. Ed.) c. 40, by St.
1933, c. 269, § 1, and amended by St. 1935, c. 388, and
St. 1941, c. 198, §§ 1, 2, by way of appeal from a decision
of the zoning board of appeal of the city of Attleboro, to
compel the inspector of buildings of said city to issue to the
plaintiffs a permit to change their building at 100 Park
Street from a rooming house of thirty-three rooms to an
apartment house for twelve families.   An application for
such permit was "denied" by said inspector, and on appeal
to the zoning board of appeal the decision of the inspector
was sustained.   The judge in the Superior Court made find-
ings of material facts and entered a final decree ordering the

zoning board of appeal "to issue or to direct the inspector of buildings to issue a building permit to the plaintiffs on . . . [their] application." G. L. (Ter. Ed.) c. 40, § 30, as amended.

The plaintiffs' land, on which are located the rooming house, two other buildings containing three stores and a fourth building used as a garage, has an area of six thousand seven hundred thirty-eight square feet. The matter at issue concerns the interpretation of § 14, paragraph A, of the zoning ordinance of the city of Attleboro, effective February 10, 1942, which reads, "There shall be provided for each dwelling house (including apartment house and apartment hotel) hereafter constructed or placed on any lot in any district a lot containing not less than 2000 square feet for each family for whose habitation such building is adapted." It is not disputed that the area of the plaintiffs' lot is insufficient to provide two thousand square feet for each of the twelve families hereafter to be housed in the building. The judge found, "No exterior work nor any change in the exterior appearance of the building is contemplated. The application does not involve any enlargement of said building, or any construction of a new or additional building or the placing of any building on the lot in question. The alterations planned do not constitute reconstruction or extension or structural change." He also found that the denial of the petition by the inspector of buildings and the dismissal of the plaintiffs' appeal by the zoning board of appeal were based solely on the belief that under § 14, paragraph A, there was no authority to allow the plaintiffs' application, and ruled that § 14, paragraph A, was not a bar to the allowance of the application.

In our opinion this ruling was correct. The above quoted words, "hereafter constructed or placed," appear to refer to the erection of a new building or part of a building or to the placing of a building, already constructed, after removal from another location. See *Trask* v. *Searle*, 121 Mass. 229, 231; *Commonwealth* v. *Hayden*, 211 Mass. 296, 297. By the frequent employment of the phrase "constructed, altered

or used" throughout the zoning ordinance it is clear that the municipal council which adopted the ordinance intended to distinguish "alteration" from "construction." The contemplated work on the building would be in the nature of alteration rather than construction or placing, see *Boston & Albany Railroad* v. *Department of Public Utilities*, 314 Mass. 634, 637, 638, and is not within the prohibition of the ordinance.

*Decree affirmed.*