CO-RAY REALTY COMPANY, INC. *vs.* BOARD OF ZONING ADJUSTMENT OF BOSTON.

Suffolk. May 14, 1951. — November 16, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

Zoning. Boston. *Equity Jurisdiction*, Zoning. *Notice. Administrative Board or Officer. Quasi Judicial Tribunal. Equity Pleading and Practice*, Decree, Zoning appeal.

A hearing de novo on all evidence material to justiciable issues is provided by St. 1924, c. 488, § 20, as appearing in St. 1941, c. 373, § 19, in a suit in equity in the Superior Court by way of appeal from a decision of the board of zoning adjustment of Boston.

Evidence respecting efforts of an agent of the board of zoning adjustment of Boston to ascertain the address of a corporation which, as the owner of a parcel of vacant land, was one of many landowners interested in a hearing by the board did not show to be plainly wrong a finding that the board had complied with the requirements of St. 1924, c. 488, § 20, as appearing in St. 1941, c. 373, § 19, as to giving notice of the hearing, although the notice mailed to the corporation was returned unopened and no further notice was mailed.

A finding, that the board of zoning adjustment of Boston was not misled by a statement in behalf of a petitioner as to the attitude of the owner of certain land involved in the proceeding before it, was not plainly wrong.

"Spot zoning" did not result from a decision by the board of zoning adjustment of Boston changing an area in Boston, which contained one and two family houses and some vacant land and which was similar respecting its buildings to a contiguous residential area in Brookline and dissimilar to much of another contiguous area in Boston where apartment houses had been built, from a zoning district where certain apartment houses were allowed to a district where the height of buildings was limited to two and one half stories and such apartment houses were forbidden.

In a suit in equity in the Superior Court under St. 1924, c. 488, § 20, as appearing in St. 1941, c. 373, § 19, by way of appeal from a decision of the board of zoning adjustment of Boston, where the decision of the court was favorable to the board, the final decree should not have dismissed the appeal, but should have stated that the decision of the board did not exceed its authority and that no modification of it was required, and directed the clerk of the court to send an attested copy of the decree to the board within thirty days after its entry.

BILL IN EQUITY, filed in the Superior Court on November 17, 1950.

The suit was heard by Giles, J.

E. O. Proctor, for the plaintiff.

W. D. Quigley, Assistant Corporation Counsel, for the defendant.

WILLIAMS, J.   This is a suit in equity by Co-Ray Realty Company, Inc., under St. 1924, c. 488, § 20, as amended, by way of appeal from a decision of the board of zoning adjustment of the city of Boston which changed a certain area in Boston from a general residence district designated as R-40 to a general residence district designated as R-35.   The case is before us on an appeal by the plaintiff from a decree of the Superior Court dismissing its appeal from the decision of the board.   The case was heard upon a transcript of the proceedings before the board, certain documentary evidence, and oral testimony which is reported.

The plaintiff is the owner of a parcel of land in the changed area on the southeasterly corner of Corey and Evans roads appearing on the assessors' records as 63 Corey Road, "vacant land."   On August 16, 1949, the building commissioner of the city of Boston issued a permit to one Morris Kaitz to construct on that part of the parcel located in Boston a twenty-eight family apartment house.   Construction

328 Mass. 103                                                        105

Co-Ray Realty Co. Inc. *v.* Board of Zoning Adjustment of Boston.

began on the next day. On August 29 Mary Kaitz, the owner of the land, conveyed the property to the plaintiff and the name of the latter was substituted for that of Morris Kaitz in the permit. Construction of the proposed building was interrupted by an injunction obtained by the town of Brookline on the ground that the use of the rear part of the plaintiff's land, which was in Brookline, as an adjunct to an apartment house, would violate the zoning law of Brookline. The contention of the town was sustained by this court on July 3, 1950. See *Brookline* v. *Co-Ray Realty Co. Inc.* 326 Mass. 206. Thereafter, on application by the plaintiff, permission to use the Brookline portion of the land as a rear yard appurtenant to an apartment house was refused by the town authorities, and on September 28, 1950, the plaintiff filed a petition with the emergency housing commission to obtain such permission. That petition is now pending before the commission.

Meanwhile on July 26, 1950, the plaintiff's building permit was revoked. On July 28 one Ida Mae Kahn filed a petition for the redistricting for zoning purposes of an area in Boston adjoining the Brookline line which included the plaintiff's land and in all about seventeen lots upon which, except for one or two vacant lots, one and two family houses had been built. The board held a hearing on the petition on September 20 and on November 3 ordered the area in question changed from an R-40 district to an R-35 district in which the height of buildings is limited to two and one half stories and the erection of an apartment house like the one contemplated by the plaintiff is forbidden.

The plaintiff contends that the order of the board should be annulled on three grounds: "(1) The board of zoning adjustment failed to mail notice to the appellant as one of the owners of property deemed by the board to be affected within the meaning of § 20. (2) Imposition was practised upon the board by the petitioner's attorney in advising the board, contrary to the information of which he was possessed, that the appellant in effect did not care to oppose the petition but realized the thing for him to do was to build single

and two family houses. (3) The order of the board of zoning adjustment was in excess of the board's authority."

The board of zoning adjustment of the city of Boston was established under St. 1924, c. 488, § 20, in which a remedy was provided by writ of certiorari for a party aggrieved by a decision of the board. In such proceeding only errors of law apparent on the record could be corrected. The statute was amended by St. 1941, c. 373, § 19, which provided that "any person aggrieved [by a decision of the board may] . . . appeal to the superior court sitting in equity for the county of Suffolk; provided, that such appeal is filed in said court within fifteen days after such decision is recorded. It shall hear all pertinent evidence and determine the facts and, upon the facts as so determined, annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require. The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases." By this amending statute appeals may be taken from the decisions of the board in the same manner as appeals from decisions of boards of appeal outside of Boston. See G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1. An appealing party is now entitled to a hearing de novo in the Superior Court upon all evidence material to a decision of justiciable issues. *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224. See *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 548; *Sullivan* v. *Municipal Court of the Roxbury District*, 322 Mass. 566, 572; *Olson* v. *Zoning Board of Appeal of Attleboro*, 324 Mass. 57; *D'Ambra* v. *Zoning Board of Appeal of Attleboro*, 324 Mass. 61; *Everpure Ice Manuf. Co. Inc.* v. *Board of Appeals of Lawrence*, 324 Mass. 433.

At the hearing on appeal there was evidence that the plaintiff received no notice of the hearing before the board and only learned of the hearing and the board's decision by chance after November 3, although in time to perfect its appeal within the limited time of fifteen days. The requirements as to notice of a hearing by the board are stated in

328 Mass. 103                    107

Co-Ray Realty Co. Inc. *v.* Board of Zoning Adjustment of Boston.

§ 20 of St. 1924, c. 488, as amended by St. 1941, c. 373, § 19: "notice shall be mailed . . . to the owners of all property deemed by the board to be affected thereby as they appear in the current records of the assessing department and also advertised in a daily newspaper published in the city of Boston." The statute is silent as to the sources from which addresses of owners shall be obtained.

No question is raised concerning the newspaper publication. Preliminary to the prescribed notices by mail an agent of the board examined the records of the assessors and of the collector. He ascertained that the plaintiff, a Massachusetts corporation, was the owner of the lot at the corner of Corey and Evans roads, that the lot was numbered 63 Corey Road, and that it was vacant land. He found no other address of the plaintiff in the collector's department and no listing of the plaintiff either in the telephone book or in the Boston directory. Thereupon he caused a notice to be mailed on September 5 to "Co-Ray Realty Co. 63 Corey Road Brighton, Mass." It was one of some eighty-five notices mailed. The envelope containing the notice was returned unopened with the Post Office notation "No such street number." No other notice was mailed although the same agent rechecked the assessors' and collector's records. The judge found "that the board complied with all of the requirements of notice."

Requirements of notice of a hearing before an administrative board are to be strictly followed, see *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451, 455–456; *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 172; *Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston*, 268 Mass. 416, 418, and failure to follow such requirements whether provided by statute or by rule or order of the board may invalidate the hearing. *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160. *Kane* v. *Board of Appeals of Medford*, 273 Mass. 97, 103–104.

Under St. 1924, c. 488, § 20, as amended by St. 1941, c. 373, § 19, "The board may adopt rules, not inconsistent with the provisions of this act, governing notice and pro-

cedure." As nothing appears in the record concerning rules of the board it is "presumed in favor of [the] regularity of proceedings of public boards that there was compliance with such rules, if any exist." *Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston,* 268 Mass. 416, 418. In the absence of any specific statutory requirement we think the board was obliged to make reasonable efforts to ascertain the correct addresses of the owners to be notified. What was reasonable in the circumstances was a question of fact for the judge. The record shows that he was offered no direct evidence of the correct address of the plaintiff corporation at the time the notice was mailed. A witness testified at the trial on January 2, 1951, that its then address was 1285 Columbus Avenue. A letter to the board of appeals of Brookline dated July 24, 1950, on the stationery of the plaintiff gave the address of the corporation as 70 State Street. It is argued that the agent of the board should have examined the records of the corporation at the State House, but there was no evidence that an examination there would have disclosed any address other than the one to which the notice was in fact sent. In view of the efforts made and the doubt that any further reasonable investigation by the board's agent would have resulted in obtaining an address at which the notice would have been received, we cannot say that the judge was plainly wrong in finding compliance with the requirements of notice. There was therefore no error in refusing to annul the decision of the board for the reason that it exceeded its authority in proceeding to a hearing. As on its appeal the plaintiff has been afforded a full hearing by the court, "justice and equity" do not require a further hearing by the board.

We are not impressed by the second contention of the plaintiff that the board was imposed upon by the attorney for the petitioner in saying to the board, "I think perhaps the owner of that vacant land perhaps realizes the thing for him to do is to build single and two-family houses to keep the neighborhood the way it is kept now." The judge could have found that it was not the kind of statement likely to

influence the board and he was not plainly wrong in finding that the board was not misled.

In our opinion the judge was right in finding that the decision of the board did not constitute "spot zoning" as contended by the plaintiff. See *Leahy* v. *Inspector of Buildings of New Bedford*, 308 Mass. 128; *Whittemore* v. *Building Inspector of Falmouth*, 313 Mass. 248; *Smith* v. *Board of Appeals of Salem*, 313 Mass. 622.

The area here rezoned is a strip of land approximately 1,400 feet long and 150 feet wide which, on its southern and easterly borders, adjoins the town of Brookline. It is similar, in the character of its buildings, to the contiguous residential area in Brookline and is dissimilar to much of the area in Boston on its northerly and westerly borders where many apartment houses have been erected. In our opinion the board did not exceed its authority in changing the area from an R-40 to an R-35 district.

The final decree provides that the appeal be dismissed. Instead of dismissing the appeal the decree should state that the decision of the board did not exceed its authority, that no modification of it is required, and that the clerk of the court within thirty days after the entry of the decree send an attested copy thereof to the board of zoning adjustment of the city of Boston. See *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224, 228; *Olson* v. *Zoning Board of Appeal of Attleboro*, 324 Mass. 57, 60. As so modified the decree is affirmed with costs.

*So ordered.*