JOHN J. PENDERGAST *vs.* BOARD OF APPEALS OF BARNSTABLE
& another.

Barnstable. February 2, 1954. — July 6, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Zoning. Equity Pleading and Practice,* Zoning appeal. *Administrative Matter.*

The provisions of G. L. (Ter. Ed.) c. 40, § 30, paragraph "3," as appearing in St. 1933, c. 269, § 1, and as amended, do not give anyone a legal right to a zoning variance, but merely confer on the board of appeals administrative discretion to grant a variance in the circumstances therein set forth. [557]

The administrative discretion exercisable by a board of appeals under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as amended, is not vested in the Superior Court on an appeal to it under that section from a decision of the board. [558]

On an appeal to the Superior Court from a decision of a board of appeals under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as amended, the function of the court, after finding the facts through a hearing de novo, is confined to applying the law to the facts so established. [558–559]

In a suit in equity by way of an appeal to the Superior Court under G. L. (Ter. Ed.) c. 40, § 30, as appearing in,St. 1933, c. 269, § 1, and as amended, from a decision of the board of appeals of a town denying the plaintiff's application for a zoning variance, special permit or "special exception," where it did not appear that anything more than a matter of administrative discretion was involved, this court reversed a decree ordering the board to grant the application and directed entry of a decree stating that the decision of the board did not exceed its authority and that no modification of it was required. [560]

BILL IN EQUITY, filed in the Superior Court on March 13, 1953.

The suit was heard by *Cahill,* J.

*Kenneth E. Wilson,* Town Counsel, (*J. Blake Thaxter, Jr.,* with him,) for the defendants.

*Charles E. Cunningham,* for the plaintiff.

QUA, C.J. This is a bill in equity under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended

by St. 1935, c. 388, § 2,[1] by way of appeal from a decision of the board of appeals refusing to grant to the plaintiff a variance, special permit, or "special exception" for a beach house or bath house for commercial purposes at Craigville Beach in an area zoned for residence purposes. The court ordered the board to grant a variance, and the board appeals to this court. The evidence is reported.

At the very outset we are confronted by a question of the construction of that paragraph of § 30 which reads as follows, "Any person aggrieved by a decision of the board of appeals, whether or not previously a party to the proceeding, or any municipal officer or board, may appeal to the superior court sitting in equity for the county in which the land concerned is situated; provided, that such appeal is filed in said court within fifteen days after such decision is recorded. It shall hear all pertinent evidence and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require. The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases."

Both parties and the judge at the hearing seem to have treated this statute as practically substituting the court for the board of appeals and giving the court the same power to grant variances that the board possesses. We do not think that is the meaning of the statute. The vesting in a court of authority to grant or order licenses, permits, or similar privileges of any kind is to say the least unusual. Especially would it be unusual to vest such authority where the granting or refusal of the license, permit, or privilege is in the nature of the exercise of administrative discretion and where the law gives no one a right to such license, permit, or privilege. It is the usual function of courts to secure and defend legal rights. The exercise by a court of licensing powers apart from questions of legal right would involve grave constitutional doubts. The statute should

---

[1] Various subsequent amendments to the section do not affect the parts pertinent to this case.

be so construed, if reasonably possible, as to avoid such doubts. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 148. *Ferguson* v. *Commissioner of Corporations & Taxation,* 316 Mass. 318, 323–324.

We do not understand that any person has a legal right to a variance. It has often been said that variances are to be granted sparingly. *Tanzilli* v. *Casassa,* 324 Mass. 113, 116–117, and cases cited. The granting of them has been surrounded by many statutory safeguards, enumerated in the paragraph numbered "3" of § 30, which grants power to boards of appeals "To authorize upon appeal, or upon petition in cases where a particular use is sought for which no permit is required, with respect to a particular parcel of land a variance from the terms of such an ordinance or by-law where, owing to conditions especially affecting such parcel but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without substantially derogating from the intent or purpose of such ordinance or by-law, but not otherwise." We do not believe that any person acquires a legal right to a variance by bringing himself within the terms of paragraph "3." That paragraph merely gives a discretionary power to the board to be exercised, if at all, only on the conditions therein set forth. Most of the language of the paragraph is restrictive rather than expansive. Variances are always in derogation of the zoning system adopted by the town under its lawful powers. Since paragraph "3" confers upon the landowner only an opportunity and not a right, if the board of appeals decides against him he commonly has no right enforceable in court.

General considerations point in the same direction. Zoning has always been treated as a local matter. The creation and modification of zones are matters of municipal legislation. The board of appeals is a local board familiar with local conditions. It can deal understandingly with

questions of variance. A judge of a State wide court, perhaps spending only a few days or weeks in a particular locality, is hardly a suitable tribunal for such purposes.

The statute first quoted is undoubtedly a peculiar one. The court is to "hear all pertinent evidence and determine the facts," and it is to act "upon the facts as so determined." This involves a hearing de novo and a finding of the facts by the court. This is not one of the familiar instances where the court is required to accept to a greater or less extent the findings of the administrative tribunal. But what is the court to do when it has found the facts? First, it is to "annul" the decision of the board, "if found to exceed the authority of such board." This is nothing more than the application of the law to the facts found and is within the usual functions of a court. Next come the words which have been productive of misunderstanding, "or make such other decree as justice and equity may require." We do not construe these words as opening up to the court the whole area of administrative discretion, contrary to all precedent. We construe them as requiring a decree according to law. Here again we think the court is simply to apply the law to the facts found. Such phrases as "justice and equity" have frequently been construed as referring only to legal and equitable rights. *Wells* v. *Child*, 12 Allen, 333, 334. *Banaghan* v. *County Commissioners of Worcester*, 213 Mass. 17, 19. *Slaughter* v. *Martin*, 9 Ala. App. 285, 289–290. *Bisenius* v. *Randolph*, 82 Neb. 520, 521–524.

In the recent case of *Bicknell Realty Co.* v. *Board of Appeal of Boston*, 330 Mass. 676, we had occasion to construe a similar statute relating to Boston. At page 679 we said, "Upon appeal, it is the duty of the judge to hear all the evidence and to find the facts. He is not restricted to the evidence that was introduced before the board. The decision of the board is competent evidence to enable the judge to ascertain what conclusion the board reached in order that he may determine whether upon the facts found by him the decision of the board should stand or should be annulled or should be modified. In a word, the matter is

heard de novo and the judge makes his own findings of fact, independent of any findings of the board, and determines the legal validity of the decision of the board upon the facts found by the court, or if the decision of the board is invalid in whole or in part, *the court determines what decision the law requires upon the facts found*" (emphasis supplied). We adhere to that construction of the statute. It confines the function of the court to its usual and proper function of applying established law to established facts. It does not permit the court to invade the field of administrative discretion.

We believe that all of our decisions since this statute was enacted in St. 1933, c. 269, § 1, are in conformity with this construction. There have been cases in which action of the board has been annulled as not in accordance with law. *Smith* v. *Board of Appeals of Fall River*, 319 Mass. 341. *Gaunt* v. *Board of Appeals of Methuen*, 327 Mass. 380. There have been cases in which the action of the board has been confirmed because it was in accordance with law. *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224. *Olson* v. *Zoning Board of Appeal of Attleboro*, 324 Mass. 57. *Tanzilli* v. *Casassa*, 324 Mass. 113. *Everpure Ice Manuf. Co. Inc.* v. *Board of Appeals of Lawrence*, 324 Mass. 433. *LaCharite* v. *Board of Appeals of Lawrence*, 327 Mass. 417. *Co-Ray Realty Co. Inc.* v. *Board of Zoning Adjustment of Boston*, 328 Mass. 103. There have been one or two cases in which the board was ordered to grant a permit, but that was because the permit had been denied solely upon an illegal ground, and the landowner had a right to the permit. *D'Ambra* v. *Zoning Board of Appeal of Attleboro*, 324 Mass. 61. *Deutschmann* v. *Board of Appeals of Canton*, 325 Mass. 297. See *Chamberland* v. *Selectmen of Middleborough*, 328 Mass. 628, 630–631. We think no one has a legal right to a variance. If a case should come to us in which an owner had been denied a variance solely upon a legally untenable ground and the board should indicate that except for that ground the variance would have been granted, perhaps the court could give relief. But no such case is before us.

Neither have we before us a case where the decision of the board is unreasonable, whimsical, capricious, or arbitrary and so illegal. We make no implication as to such a case, if such a case can arise.

It is unnecessary to review the findings of the judge or the evidence in the present case. There is nothing in them to show that the board was under any legal compulsion to grant the variance. Whether a variance ought to be granted was an administrative question upon which reasonable persons might differ.

So far we have treated the plaintiff's application to the board of appeals as an application for a variance. If, however, it should be regarded as an application for a special permit or for a special exception, as the term is in the Barnstable by-law, the granting of it was equally a matter of discretion with the board, and what has been said is equally applicable.

The decree is reversed and a decree is to be entered stating that the decision of the board did not exceed its authority, that no modification of its decision is required, and that the clerk of the court within thirty days after the entry of the decree send an attested copy thereof to the board of appeals of Barnstable. *Co-Ray Realty Co. Inc.* v. *Board of Zoning Adjustment of Boston,* 328 Mass. 103, 109.

*So ordered.*