PETER G. DEVINE & others *vs.* ZONING BOARD OF APPEALS
OF LYNN.

Essex.    November 4, 1954. — March 2, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Zoning. Equity Pleading and Practice,* Zoning appeal, Findings by judge.

In a suit in equity in the Superior Court by way of an appeal from a de-
    cision of a zoning board of appeals under G. L. (Ter. Ed.) c. 40, § 30,
    as appearing in St. 1933, c. 269, § 1, and as amended, there is a trial de
    novo and it is the duty of the judge to make his own findings of fact
    on the evidence heard by him at such trial; he cannot properly accept
    as facts the facts recited in the board's decision if they are not sup-
    ported by evidence introduced before him.

BILL IN EQUITY, filed in the Superior Court on July 20,
1953.

The plaintiffs appealed from a final decree entered after
hearing by *Cahill,* J.

In this court the case was submitted on briefs.

*William E. Sisk & Richard L. Sisk,* for the plaintiffs.

*Patrick F. Shanahan,* City Solicitor, for the defendant.

RONAN, J.    This is a bill in equity by way of an appeal
under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933,
c. 269, § 1, as amended, from a decision of the board of
appeals of Lynn granting to one Fontaine a variance to
permit him to construct and occupy an addition to the rear
of his grocery and provision store located at the time the
zoning ordinance was enacted and ever since in a district
zoned for residential use.    The final decree recited that the
board of appeals did not exceed its authority in granting
the variance and ordered that the decision of the board
"be and hereby is affirmed."

We state the substance of the decision of the board
because of the part it played at the trial.    The decision
discloses that the petition was brought under § 23 (f) of

the zoning ordinance for an addition not exceeding 25% of the floor area of an existing nonconforming building. It recites that Fontaine owns and operates a grocery store at the locus, and that the area of the building has not been increased since the zoning ordinance became effective in 1926. Since the second World War 112 dwellings have been constructed by veterans and 700 public housing units occupied by veterans and their families; all within a mile of the locus. Besides, there has been considerable construction of single family dwellings by nonveterans. The population in the area served by the store is estimated to have increased by 3,500 persons within the last few years. An increase in the floor space will substantially serve the public convenience and welfare due to this recent increase in population and will improve the status of the neighborhood. The Devine lot is adjacent to the store lot and will be sixty feet distant from the proposed addition. The board stated that it would be hard to imagine a set of circumstances where an abutter would be affected to a less degree than Devine. The proposed construction of the addition will be no nearer to the side boundary of the locus than is the existing building which is 43 feet distant therefrom.

The trial judge made the following findings and order for a decree. After adopting the facts found by the board in its decision "as the facts in this finding," he further found that a literal enforcement of the provisions of the zoning ordinance would involve substantial hardship to Fontaine, and that the granting of the variance voted by the board would not be substantially detrimental to the public good and would not derogate from the intent and purpose of the zoning ordinance. He also found that § 23 (f) of the zoning ordinance was not illegal,[1] and ordered the entry of a decree affirming the decision of the board and dismissing the appeal.

The statute regulating the procedure to be followed in the

---

[1] Section 23 (f) authorizes the board to permit an addition to a nonconforming building not exceeding 25% of its floor space and not exceeding the height of the existing building. The proposed addition is within the maximum allowable area and height.

Superior Court in hearing an appeal provides that "It shall hear all pertinent evidence and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require." G. L. (Ter. Ed.) c. 40, § 30, as amended.[1] We are aware that there was some controversy existing at the time the findings were made in the instant case as to the duties of a judge hearing such an appeal, but the statute has since been fully and carefully considered in *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555. It is now plain that it is the duty of the judge to determine the facts for himself upon the evidence introduced before him and then to apply the governing principles of law and, having settled the facts and the law, to inspect the decision of the board and enter such decree as justice and equity may require in accordance with his determination of the law and facts. The decision of the board is no more than the report of an administrative body and on appeal has no evidentiary weight. In the Superior Court, the appeal is heard de novo. The decision of the board cannot be treated as the report of an auditor, a master, a commissioner, an assessor, or some other judicial officer made in the usual course of judicial proceedings. *Co-Ray Realty Co. Inc.* v. *Board of Zoning Adjustment of Boston*, 328 Mass. 103, 106. *Bicknell Realty Co.* v. *Board of Appeal of Boston*, 330 Mass. 676, 679. *Sheehan* v. *Board of Appeals of Saugus*, ante, 188.

The problem in the instant case arises from the fact that the judge does not appear to have followed the principles just mentioned. His adoption of the findings made by the board indicates that he accepted as facts statements contained in its decision. A judge frequently and properly adopts the findings of an auditor whose findings of fact are not final. This connotes that upon all the evidence· he agrees with the findings made by the auditor. A judge,

---

[1] The amendment and codification of G. L. (Ter. Ed.) c. 40, §§ 25 to 30B, inclusive, into a new chapter 40A by St. 1954, c. 368, are not material to the questions now presented.

however, as already pointed out, has no authority so to consider the findings of a board of appeals. Indeed, there was no evidence presented at the hearing in the Superior Court as to the increase in the population as estimated by the board, the number of single dwellings erected and occupied by veterans, the number constructed and occupied by nonveterans, and other matters denoting a change in the area served by the store as set forth in the decision of the board. The judge could not adopt findings not supported by the evidence heard by him and only appearing in the written decision of the board. We are confirmed in our belief that he gave probative weight to the decision of the board by his further order that the decision was to be affirmed. See *Johnson's Case*, 242 Mass. 489; *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224.

For the reasons set forth the final decree must be reversed and the cause must be heard anew.

*So ordered.*