RENE LaCHARITE & others *vs.* BOARD OF APPEALS OF LAWRENCE & another.

Essex.    February 6, 1951. — May 16, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Zoning.    Lawrence.    Board of Appeals.*

The merits of a decision by the zoning board of appeals of a city, made and recorded under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as amended, and not appealed from within fifteen days after its recording, granting a request for a special permit such as the board was authorized by the zoning ordinance to grant, were not open in a subsequent proceeding involving the validity of building permits issued by the building inspector pursuant to such decision.

A provision of the zoning ordinance of Lawrence, contained in one of several sections grouped as the ninth article and relating to the powers and duties of the building inspector and the issuance of building permits and certificates of occupancy, that "a permit" issued should be void if not exercised within sixty days after its date, was not applicable to a special permit granted by a decision of the board of appeals made under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as amended, and under a provision of the ordinance for special permits contained in one of several other sections grouped as the tenth article and relating to the powers and duties of that board.

A special permit for an addition to a nonconforming building, granted without limitation of time by a decision of the zoning board of appeals of a city made under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as amended, and under a provision of the zoning ordinance for the granting of such special permits, was still in effect more than a year later and made valid a building permit for the addition then issued by the building inspector.

BILL IN EQUITY, filed in the Superior Court on March 21, 1949.

The suit was reported by *Sullivan*, J.

In this court the case was submitted on briefs.

*M. Nicholson & H. J. Minasian*, for the plaintiffs.

*J. P. Kane*, City Solicitor, for the Board of Appeals of Lawrence.

*M. J. Batal*, for Royal Crown of Merrimack Valley, Inc.

COUNIHAN, J.   This is a suit in equity by way of appeal from a decision of the board of appeals of Lawrence, brought under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended by St. 1935, c. 388, §§ 1, 2, and St. 1941, c. 198, §§ 1, 2.   It was heard upon a statement of agreed facts.   The judge found the facts to be as stated in the statement of agreed facts and without decision reported the suit to this court.

The property involved is No. 11–13 Stevens Street, Lawrence.   Prior to 1932 the building on this property was used by Dillon Boot Company as a manufacturing establishment.   In 1932 the property was acquired by Shawsheen Bottling Company, which used it for manufacturing, selling, and distributing carbonated waters until June 11, 1946, when it sold it to General Lessors Corpo-

ration. On the same day Shawsheen Bottling Company sold its business, personal property, and machinery to Royal Crown of Boston, Inc. The stockholders and directors of both purchasing corporations were the same. On November 3, 1948, Royal Crown of Merrimack Valley, Inc., purchased the real estate from General Lessors Corporation and the personal property, machinery, and good will from Royal Crown of Boston, Inc., as well as the plans for the proposed addition hereafter referred to. As part of the purchase price a mortgage back on the real estate was given to Royal Crown of Boston, Inc.

On March 8, 1943, the city of Lawrence adopted a zoning ordinance by virtue of G. L. (Ter. Ed.) c. 40, § 25, as amended. By this ordinance these premises were classified in a B-2 residence district in which manufacturing plants are excluded. By § 26 of c. 40, as appearing in St. 1933, c. 269, § 1, and by art. V of the ordinance a nonconforming use of a building or land existing at the time of the passage of the ordinance may be continued. Pursuant to § 30 of c. 40 a board of appeals, hereinafter referred to as the board, was set up by art. X, § 31, of the ordinance. As provided by § 30 of c. 40, the board under art. X, § 35 (18), of the ordinance, is authorized to hear and decide requests for special permits "For the reasonable enlargement of a structure existing at the time of passage of this ordinance and used for trade, business or industry but located in a district restricted against such use; or for reasonably necessary additional structures for any such use upon the same lot as that upon which such existing structure and use obtain." Section 29 (a) of art. IX of the ordinance reads: "No excavation for foundation, nor the erection, construction or structural alteration of any structure or part of a structure, shall be undertaken until a permit therefor shall have been issued by the Administrative Officer. No such permit shall be issued before application has been made for a Certificate of Occupancy." By § 27 of art. IX the building inspector was designated as the administrative officer. Article IX, § 30 (c), of the ordinance

reads: "If after the issuance of a permit, the operations authorized thereunder are not commenced within sixty (60) days after date of permit . . . such permit shall be void, *work* may not again be commenced until a new permit shall have been issued as for the *original work* . . ." (emphasis supplied).

The history of events leading up to the controversy before us so far as material is as follows: Presumably Royal Crown of Boston, Inc., applied to the building inspector for a certificate of occupancy and a permit to build an addition to the existing building at No. 11–13 Stevens Street under art. IX, § 29 (a), of the ordinance. On September 18, 1947, the building inspector denied this application because of a use not permitted by the ordinance in the district where the building was located. An appeal from this denial was taken to the board, § 30 of c. 40; art. X, § 33, of the ordinance. Following a public hearing held after due notice, the board on October 2, 1947, rendered a unanimous decision granting a special permit under art. X, § 35 (18), to allow the building of the addition. This decision was duly recorded in the office of the city clerk and no complaint is made that adequate reasons are not given in the decision. No appeal from this decision was taken as provided by § 30 of c. 40.

On October 2, 1947, a certificate of occupancy "Addition to existing occupancy — Granted variance" was issued by the building inspector to Royal Crown of Boston, Inc. It does not clearly appear that any building permit was issued at that time. Due to a shortage of materials no building operations were commenced within sixty days after the date of the decision of the board.

On November 8, 1948, after the purchase of the property by Royal Crown of Merrimack Valley, Inc., the building inspector issued to it the permit to build required by art. IX, § 29 (a), and building operations under it began on January 4, 1949.

On January 11, 1949, the plaintiffs filed with the board in writing "Objection for variation from the requirements of the zoning ordinance" and alleged that the special permit

authorized by the board was void as matter of law under § 30 (c) of the ordinance, that there had been a general change in the character of the neighborhood since October, 1947, that the "Special permit[s] issued in October 1947 and in November 1948" were not in conformity with § 35 (18) of the ordinance, and that the "Special permit issued on or about November 8, 1948" by the building inspector was not properly issued.

On January 12, 1949, for some reason not clear to us, the Royal Crown of Merrimack Valley, Inc., applied to the building inspector for "a renewal of the special permit" and on January 13, 1949, the building inspector issued a "Renewal of special permit" No. 121 (the certificate of occupancy issued because of the decision of the board of October 2, 1947) and a renewal permit to build under § 29 (a). On January 20, 1949, the board notified the attorney for the plaintiffs that their objections of January 11, 1949, had been considered and that the board felt that these objections were "not properly before the board for any action to be taken." On January 21, 1949, the plaintiffs filed with the board in substance an appeal alleging that the "Special permit issued on January 13, 1949," was void as matter of law and that it was not in conformity to § 35 (18) of the. ordinance. A hearing was duly held by the board on this appeal and on February 23, 1949, the board for adequate reasons rendered a unanimous decision denying it. This decision was recorded in the office of the city clerk on March 9, 1949. The plaintiffs duly appealed from this decision to the Superior Court.

The issue before us appears to be: Was the special permit granted by the decision of the board on October 2, 1947, in effect on November 8, 1948, when the permit to build was issued? We are not permitted to inquire into the merits of the decision of the board of October 2, 1947, because no appeal was taken from that decision as provided by § 30 of c. 40. It is binding upon us. See *Hull* v. *Belmont*, 309 Mass. 274, 279.

The plaintiffs argue that, because of art. IX, § 30 (c), of

the ordinance, the special permit granted by that decision of the board became void for the reason that no building operations were commenced within sixty days after the date of the decision.

While it is true that no operations were begun within such sixty-day period, we cannot agree with their contention. The zoning ordinance is composed of forty-one sections, grouped into fifteen articles. Article IX, consisting of §§ 27–30, sets forth the powers and duties of the building inspector. Article X, §§ 31–36, prescribes the same for the board. As we have already pointed out, the statute and the ordinance authorize the board to grant special permits reasonably to extend nonconforming uses already existing. We have also pointed out that the ordinance requires that a building permit be actually exercised within sixty days after issuance or be void. Considering the purposes of art. IX, §§ 27–30, of the ordinance, it is clear that § 30 (c) applies only to the permit to build. This permit to build is entirely different in kind from the special permit. One is issued by the building inspector and the other is authorized by decision of the board only after many formalities have been complied with. C. 40, § 30. Under the ordinance the board may impose appropriate conditions and safeguards in granting special permits. Here, however, no limitations were imposed so that we conclude that the special permit granted by the board by its decision of October 2, 1947, was in effect on November 8, 1948, when the building permit was issued, and that the building permit was valid.

The issue here would be simple of solution were it not for the confusion created by printing art. IX, § 30 (c), of the ordinance on the notice of decision given by the board on October 2, 1947. More confusion is caused by the insertion of the word "Special" in the printed form of this notice in referring to the permit authorized to be issued by the building inspector. Obviously this is an uncalled for departure from the printed form and should be treated as superfluous. The only purposes of the notice of decision are to inform

parties in interest thereof and to authorize the building inspector to issue a building permit in conformity therewith.

It follows, therefore, that everything that happened after November 8, 1948, is nugatory. The decision of the board of February 23, 1949, is correct.

A decree is to be entered that the decision dated February 23, 1949, was within the jurisdiction of the board of appeals of the city of Lawrence and that no modification of it is required, and that the clerk of the court within thirty days after the entry of the decree send an attested copy thereof to the board of appeals and to the building inspector of the city of Lawrence.

*So ordered.*