MAURICE CALLAHAN & SONS, INC. *vs.* BOARD OF APPEALS
OF LENOX.

No. 89-P-48.

Berkshire. January 10, 1990. - January 30, 1991.

Present: DREBEN, SMITH, & JACOBS, JJ.

*Billboard. Zoning*, Billboard, Variance, Conditions. *Practice, Civil*, Zoning
appeal.

In a proceeding before a town's board of appeals arising from circum-
stances in which, subsequent to amendment of a town by-law that, in
effect, prohibited "off-premises" billboards, the owner of certain preex-
isting billboards was granted a variance, solely as part of a settlement
designed to terminate litigation between the owner and the town, per-
mitting the owner to retain two billboards for a period of five years, the
board did not exceed its authority in denying an application, five years
later, by the owner of the billboards for a permanent variance, where
no change in the zoning by-law, as related to billboards, had been made
in the intervening five years, and where the owner had failed to show
that it had suffered any "hardship." [38-40]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 15, 1987.

The case was heard by *John F. Moriarty*, J., on a state-
ment of agreed facts.

*Philip F. Heller* (*Lori A. Jarrett* with him) for the
plaintiff.

*Hugh C. Cowhig*, Town Counsel, for the defendant.

JACOBS, J. Two of the plaintiff's billboards have adorned
the easterly side of conjoined Routes 7 and 20 in the town of
Lenox since 1934. In 1987, their existence at that location
was imperiled by the defendant board's denial of the plain-
tiff's application for a variance from a town by-law which
prohibited billboards. A judgment of the Superior Court, in
an action brought by the plaintiff pursuant to G. L. c. 40A,
§ 17, left undisturbed the denial of the variance. We affirm.

The relevant facts are as found by the judge. The plaintiff, long established in the outdoor advertising business, maintained the billboards on a parcel of land which once enjoyed 100 feet of highway frontage. In 1971, the plaintiff's lessor[1] conveyed the larger part of that parcel to a third party, leaving the billboards on a sliver of a lot with thirteen feet of frontage on the highway and a depth of fifty-five feet. A 1977 amendment to the zoning by-law of the town of Lenox in effect prohibited "off-premises" billboards.[2] In 1978, the plaintiff applied to the Outdoor Advertising Board (OAB) for a renewal of permits for four signs maintained by it in the town of Lenox, including the two billboards here in question. The OAB denied the plaintiff's application essentially on the ground that the signs were prohibited by local by-law.

The plaintiff sought judicial review of that denial in the Superior Court. Summary judgment was entered for the OAB. This court affirmed that judgment in *Maurice Callahan & Sons v. Outdoor Advertising Bd.*, 12 Mass. App. Ct. 536 (1981). After the plaintiff applied to the Supreme Judicial Court for further appellate review, the OAB proposed a settlement of the case. It suggested that it would not oppose an agreement between the plaintiff and the town of Lenox permitting the plaintiff to retain the two billboards on Routes 7 and 20 if the plaintiff would agree to remove two billboards in another part of the town and to withdraw its application for further appellate review. Shortly thereafter, the plaintiff filed a petition with the defendant seeking a variance which would permit it to retain the billboards on Routes 7 and 20. After hearings at which the settlement-favoring positions of the OAB and the plaintiff were reported and time limitations on the variance ranging from three years to twenty years were discussed, the defendant, in 1982, granted a variance permitting the retention of the billboards at their locations

---

[1] The judge did not differentiate between the plaintiff and the lessor, M. Callahan, Inc., for purposes of this action. No contention has been made that we should.

[2] Under the zoning by-law of the town of Lenox "off-premises" billboards are distinct from signs which expressly relate to or describe the premises on which they are located.

on Routes 7 and 20 for a period of five years after which "the owners of the billboards must again apply for a variance . . . ." The variance was also subject to the "restriction" that "[a]ll other billboards owned by [the plaintiff] in the town of Lenox will be removed within 110 days."

The defendant's written decision, in an attempt to address the statutory requirements of G. L. c. 40A, § 10, included specific findings that (1) the variance did not derogate from the by-laws of the town of Lenox, which were thought by several zoning board members to be unclear as to whether billboards were permitted, and (2) the size of the lot constituted a hardship because its area precluded it from being used for any purpose generally permitted by the zoning by-law. No appeal was taken from this decision, and it was followed by the plaintiff's removal of its other billboards in Lenox and withdrawal of its application for further appellate review.

Five years later, in 1987, the plaintiff filed another application for a variance from the zoning by-law which would permit it to keep in use the billboards at Routes 7 and 20. As of that time, no change in the zoning by-law, as related to billboards, had been made or formally contemplated. After a hearing at which the evidence presented was substantially the same as had been offered five years before, the defendant denied the petition, stating that the statutory criteria for a variance had not been met, "particularly the proof of hardship." The plaintiff appealed to the Superior Court and, following a trial without jury, the judge found: "In this case it is quite clear that the 1982 variance was granted as part of a settlement designed to terminate the litigation." He also concluded that the defendant's 1982 findings were made "[i]n order to accomplish that settlement."

The plaintiff argues that it should not have been required to make the same showing in 1987 as an applicant for a new variance. It claims that approval of the five-year variance in 1982 conferred a property right which could not be terminated without proof of change of circumstances. Given that such proof was not offered, the plaintiff contends that the de-

fendant's denial of its application for a permanent variance was an abuse of discretion. In raising this issue, which, to our knowledge, has not been addressed by any published Massachusetts appellate decision,[3] the plaintiff attempts to elevate our consideration of this case to a level unwarranted by its facts.

The second paragraph of G. L. c. 40A, § 10, as appearing in St. 1975, c. 808, § 3, provides that "[t]he permit granting authority may impose conditions, safeguards and limitations both of time and of use" on variances.[4] Thus apparently authorized, and having escaped appeal, the plaintiff's five-year variance is immune from current attack. *LaCharite* v. *Board of Appeals of Lawrence*, 327 Mass. 417, 421 (1951). *Iodice* v. *Newton*, 397 Mass. 329, 334 (1986). Its unassailability, however, does not shield the circumstances of its creation from our consideration. The 1982 variance plainly was the product of a settlement in which the plaintiff was an active participant and beneficiary. There is no indication in the record, nor is it argued, that the five-year time limitation was related to any zoning purpose or to any characteristic of the billboards or the real estate on which they were located. Compare *Huntington* v. *Zoning Bd. of Appeals of Hadley*, 12 Mass. App. Ct. 710, 715 (1981). There is no suggestion of an ambient condition whose change was anticipated within

---

[3]Courts in other jurisdictions vary in their approach to the issue of renewal of time-limited variances. Some require the applicant to prove entitlement under current circumstances without giving weight to the prior variance; others hold that it is an abuse of discretion to deny renewal if changed circumstances are not shown. See 6 Rohan, Zoning & Land Use Controls § 43.03(6)(b), at 43.83 and 43.84 (1990); 3 Anderson, American Law of Zoning §§ 20.68-20.69, at 584-587 (3d ed. 1986 and supp. 1990). The issue is somewhat analogous to those decided in *Lopes* v. *Board of Appeals of Fairhaven*, 27 Mass. App. Ct. 754 (1989), and *Hunters Brook Realty Corp.* v. *Zoning Bd. of Appeals of Bourne*, 14 Mass. App. Ct. 76 (1982). It should be noted, however, that those decisions dealt with lapsed variances and perhaps are more firmly grounded in the statutory language of G. L. c. 40A, § 10, than is the procedure for renewal of a time-limited variance.

[4]A use variance granted after January 1, 1976, is authorized only if expressly permitted by local ordinances or by-laws. G. L. c. 40A, § 10. Our record does not indicate whether such a local enactment existed in 1982.

five years of the grant of the variance. The findings of legal uncertainty and hardship accompanying the five-year limitation have a hollow ring. As of the time they were recorded, this court had held that the 1977 by-law amendment prohibiting "off-premises" billboards "clearly terminated" whatever protection the plaintiff's billboards enjoyed as nonconforming uses. *Maurice Callahan & Sons* v. *Outdoor Advertising Bd.*, 12 Mass. App. Ct. at 538. Also, it was well established in 1982 that a self-inflicted dimensional deficiency was not the type of hardship that would support a variance. See *Warren* v. *Zoning Bd. of Appeals of Amherst*, 383 Mass. 1, 12-13 (1981), and cases cited.

Expedience and not proof of variant circumstances controlled the grant of the five-year variance. The plaintiff, in applying for a permanent variance, therefore, should not be heard to complain of being required to give current proof of meeting the criteria of G. L. c. 40A, § 10.

Accordingly, the denial of the plaintiff's application for a permanent variance must be reviewed under established principles which dictate that the denial is in excess of the defendant's authority only if it is unreasonable, whimsical, capricious or arbitrary or based solely on legally untenable grounds. *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, 559-560 (1954). *DiGiovanni* v. *Board of Appeals of Rockport*, 19 Mass. App. Ct. 339, 349 (1985). Given the plaintiff's failure to satisfy the statutory hardship requirement, the defendant's denial was both reasonable and correct.

*Judgment affirmed.*