NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-686

ROBERT H. STRAYTON & another[1]

vs.

PLANNING BOARD OF EDGARTOWN & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs appeal from a Land Court decision granting summary judgment to the defendants, ruling that the suit was barred by the doctrine of collateral estoppel.  On appeal, the plaintiffs maintain that the doctrine does not bar the case because the issues in this case are not identical to the issues already litigated in the previous Superior Court case.  We affirm.

Background.  "We summarize the findings set forth in the order on the [defendants'] . . . motion[] for summary judgment,

_____

[1] Dana G. Strayton.

[2] New Cingular Wireless PCS, LLC and Robert M. Fynbo.

supplemented by other uncontroverted facts in the summary judgment record."  Williams v. Board of Appeals of Norwell, 490 Mass. 684, 685 (2022).  The plaintiffs, abutters to abutters within 300 feet of the property at issue, challenged a special permit granted by defendant Edgartown's planning board (the planning board) to defendant New Cingular Wireless PCS, LLC (AT&T) to construct a cell tower on a property owned by defendant Robert Fynbo's company, MVWIFI, on Chappaquiddick Island.  The plaintiffs appealed the planning board decision to the Land Court under G. L. c. 40A, § 17, alleging that it violated the Edgartown zoning bylaw.

The plaintiffs purchased their property in 2015.  At the time, an eighty-four foot tower owned and operated by Fynbo on the MVWIFI property provided wireless high speed internet to the island's residents.  In 2017, AT&T, Fynbo, and MVWIFI applied to the planning board for a special permit to replace the existing tower with a 115 foot tower, which would also provide cell phone service to the island's residents.  The planning board referred the application to the Martha's Vineyard Commission (MVC), which approved the application in December 2017 pursuant to the MVC's enabling statute, the Martha's Vineyard Commission Act (MVC Act).  After the MVC approved the application with conditions, the planning board then reviewed and approved the application and granted the special permit for the project in September

2

2018.  The new tower's construction was completed by May 2019 and it has been operational since then.

The plaintiffs appealed the MVC decision in the Superior Court in February 2018 and the planning board decision in the Land Court in October 2018; in each case, the bases for the plaintiffs' aggrievement were the same:  (1) visual impact, (2) an increase in traffic, (3) safety concerns due to radiofrequency emissions and potential collapse or falling objects, and (4) diminution in property value.

In October and December 2020, a judge of the Superior Court heard a four day, jury-waived trial on the appeal of the MVC decision.  The judge took a view of the property, and the parties vigorously litigated the issue of whether the plaintiffs had suffered an injury that would give rise to standing to appeal.  In March 2021, the judge dismissed the plaintiffs' case for lack of standing, while also rejecting the claims on the merits.  The Superior Court judge acknowledged that the language in the MVC Act about standing to appeal was not identical to the language in c. 40A, but determined that, because the MVC Act does not define "party aggrieved," it was appropriate to apply the c. 40A test for standing.  See Tisbury Fuel Serv., Inc. v. Martha's Vineyard Comm'n, 68 Mass. App. Ct. 773, 774 (2007).  A different panel of this court upheld the Superior Court judge's decision in 2022 and the plaintiffs did not seek further

3

appellate review. See Strayton v. Martha's Vineyard Comm'n, 100 Mass. App. Ct. 1132 (2022), slip op. at 6.

Following the conclusion of the Superior Court litigation, the defendants moved for summary judgment in this case. After a hearing, the Land Court judge granted the motion, concluding that the plaintiffs were "barred by the doctrine of issue preclusion from relitigating the issue [of standing] here" and dismissed the case for lack of subject matter jurisdiction.

Discussion. "The allowance of a motion for summary judgment is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law" (quotation omitted). Williams, 490 Mass. at 689. "[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if [they] demonstrate[] . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). "We review a decision on a motion for summary judgment de novo" (quotation omitted). Williams, 490 Mass. at 689.

Collateral estoppel, or issue preclusion, bars a subsequent claim if:

4

"(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication; (3) the issue in the prior adjudication is identical to the issue in the current adjudication; and (4) the issue decided in the prior adjudication was essential to the earlier judgment."

Green v. Brookline, 53 Mass. App. Ct. 120, 123 (2001). The plaintiffs claim that (1) the issues in this case are not identical to those in the Superior Court case, and (2) the different issue in this case (standing based on view impacts under either the Edgartown zoning bylaw or G. L. c. 40A) was not essential to the judgment in the previous case.

In the Superior Court appeal, the judge decided that the MVC Act did not protect views but nonetheless assumed that view impacts could support standing and, as part of the standing analysis, incorporated and evaluated the plaintiff's claims regarding view impacts from the tower. The plaintiffs maintain that the Superior Court judge addressed standing only under the MVC Act, not c. 40A. The plaintiffs reason that, because the Edgartown zoning bylaw protects views and this appeal to the Land Court was brought under G. L. c. 40A, § 17, rather than the MVC Act, the issues in this case are not identical to the issues in the previous Superior Court appeal. Further, the plaintiffs maintain that, because the Superior Court judge determined that views were not protected under the MVC Act, the view analysis

5

could not have been essential to the judgment. We are not persuaded.

The presented bases for the plaintiff's injury are the same in both cases; the only difference is that the Edgartown zoning bylaw explicitly contemplates view impacts from wireless service facilities. See Edgartown Zoning Bylaw § 23.4 (2015). This difference does not render the Superior Court judge's detailed view impacts analysis superfluous. The Edgartown zoning bylaw protects "public view" impacts, not view impacts on private individuals. Id., §§ 11.6(a), 23.4(f). "A person aggrieved under G. L. c. 40A must assert a plausible claim of a definite violation of a private right" (quotation omitted), Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 120 (2011), not a public right. A reading of the bylaw therefore suggests that the plaintiffs have presented no basis for injury here that was not already alleged in the previous Superior Court case -- in other words, they are no more aggrieved under the bylaw than under the MVC Act. Even if the plaintiffs' proffered distinction held up to scrutiny, and the analyses were not the same as each other, "if there is a lack of total identity between the issues involved in two adjudications, the overlap may be so substantial that preclusion is plainly appropriate." Bigelow v. Reem Prop., LLC, 102 Mass. App. Ct. 590, 594 (2023),

6

quoting Commissioner of the Dep't of Employment & Training v. Dugan, 428 Mass. 138, 143 (1998).  Such is the case here.

 We are equally unpersuaded by the plaintiffs' claim that the Superior Court judge had not completed a c. 40A standing analysis because the previous case was brought pursuant to the MVC Act.  The Superior Court judge analyzed the plaintiffs' standing under c. 40A, which is proper in MVC Act cases.  See Tisbury Fuel Serv., Inc., 68 Mass. App. Ct. at 774.  The Superior Court judge included an analysis of view impacts because it was one of the claimed bases of injury and found that nothing in the factual record suggested that the plaintiffs had suffered such an injury.  The finding is no less essential because the MVC Act does not protect views.

 The Supreme Judicial Court has stated that issue preclusion "encompass[es] certain findings not strictly essential to the final judgment in the prior action."  Home Owners Fed. Sav. & Loan Assoc. v. Northwestern Fire & Marine Ins. Co., 354 Mass. 448, 455 (1968).  "Such findings may be relied upon if it is clear that the issues underlying them were treated as essential to the prior case by the court and the party to be bound."  Id. It is apparent on the face of the decision that the Superior Court judge treated view impacts as essential to that case by, for example, "[a]ssuming for the moment that view impacts can support standing" and holding that "[e]ven if view impacts could

7

support standing here, that would not change the result."  We conclude that the Superior Court judge's determination that the plaintiffs had not been aggrieved by view impacts was essential to his finding that the plaintiffs lacked standing and to the final judgment dismissing that case.

Thus, there is identity of parties, a final judgment on the merits in the Superior Court case, and an identity of issues that were essential to the Superior Court judgment.  See Green, 53 Mass. App. Ct. at 123.  The Land Court judge properly granted summary judgment on the basis of issue preclusion.[3]

Judgment affirmed.

By the Court (Henry,
    Hershfang & Smyth, JJ.[4]),

Paul Little

Clerk

Entered:  September 26, 2024.

---

[3] AT&T's request for an award of its appellate attorney's fees is denied.

[4] The panelists are listed in order of seniority.

8